IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. GUTIERREZ, | No. C 05-01537 SI |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| BOARD OF PRISON TERMS COMMISSIONERS, et al., | |
| Defendants. | |

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner alleges that his right to due process was violated when the Board of Prison Terms ("BPT") found him not suitable for parole at a hearing in September 2003.

Respondents now move to dismiss the action for lack of subject matter jurisdiction. Respondents contend that petitioner has no liberty interest in parole and therefore no federal due process rights in connection with parole decisions. Respondents' motion presents a purely legal question that can be answered without exploration of the facts of this case. The Court disagrees with respondents' analysis and will deny the motion to dismiss.

While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest, *see Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (Montana parole statute providing that board "shall" release

prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); *Greenholtz*, 442 U.S. at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. *See Allen*, 482 U.S. at 373-81; *Greenholtz*, 442 U.S. at 11-16.

California's parole scheme uses mandatory language and is largely parallel to the schemes found in *Allen* and *Greenholtz* to give rise to a protected liberty interest in release on parole: In California, the panel or board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). Under the clearly established framework of *Allen* and *Greenholtz*, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made. *Id.*; *Biggs v. Terhune*, 334 F.3d 910, 915-16 (9th Cir. 2003) (finding initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest). In sum, the structure of California's parole scheme – with its mandatory language and substantive predicates – gives rise to a federally protected liberty interest in parole such that an inmate has a federal right to due process in parole proceedings.

Respondents' reliance on *Sandin v. Connor*, 515 U.S. 472 (1995), and *In re. Dannenberg*, 34 Cal. 4th 1061 (Cal.), *cert. denied*, 126 S. Ct. 92 (2005), is unpersuasive. In *Sandin*, the Court criticized the mandatory language methodology described *supra* and offered a new test; however, the *Sandin* test relates to claims dealing with the day-to-day management of prisons and does not apply to parole eligibility determinations. *See McQuillion*, 306 F.3d at 902-03; *Ellis v. District of Columbia*, 84 F.3d 1413, 1417-18 (D.C. Cir. 1996).

*Dannenberg* determined that a prisoner's individual parole suitability must be determined before the BPT attempts to set a term that would result in uniform parole dates for similar crimes – in other words, Penal Code § 3041(a)'s term uniformity concerns only come into play if the inmate has been

found suitable under § 3041(b). *See id.* at 1098. *Dannenberg* does not answer the question of whether § 3041(b) creates a liberty interest in the parole suitability determination. Indeed, some language in *Dannenberg* seems to recognize such a liberty interest. *See id.* at 1095 n.16. In light of the absence of a clear determination by the California Supreme Court that § 3041(b) grants the BPT limitless discretion to determine parole suitability, coupled with the Ninth Circuit holding in *McQuillion* that a protected liberty interest is created by § 3041(b), this Court rejects respondent's argument that there is no protected liberty interest in parole for California inmates.[1]

This Court has subject matter jurisdiction under 28 U.S.C. § 2254 to decide whether petitioner's Fourteenth Amendment right to due process was violated by the BPT's determination that he was not suitable for parole. Respondents' motion to dismiss therefore is DENIED. (Docket # 8.)

In light of the denial of the motion to dismiss, the Court now sets the following new briefing schedule on its Order To Show Cause:

1. Respondents must file and serve upon petitioner, on or before **March 17, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondents on or before **April 21, 2006**.

**IT IS SO ORDERED.**

Dated: January 13, 2006

SUSAN ILLSTON
United States District Judge

---

[1] Respondents also cite *Sass v. California Board of Prison Terms*, 376 F. Supp. 2d 975 (E.D. 2005), which held, post-*Dannenberg*, that California prisoners are not entitled to federal due process protections with respect to parole as a matter of right. The Court respectfully disagrees with the *Sass* court's interpretation of *Dannenberg*. According to petitioner, an appeal has been filed in *Sass*.

3