IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. GUTIERREZ, | No. C 05-1537 SI |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| A.P. KANE and BOARD OF PRISONS TERMS COMMISSIONERS, | |
| Respondents. / | |

On September 29, 2007, this Court denied petitioner's petition for a writ of habeas corpus, holding that "some evidence" supported the decision by the Board of Prison Terms ("BPT") denying petitioner parole. On July 21, 2010, in an unpublished memorandum disposition, the Ninth Circuit reversed and remanded on the ground that "[b]ecause the district court did not have the benefit of this court's en banc opinion in *Hayward* [*v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc))] at the time of its decision, we vacate the judgment insofar as the district court concluded that 'some evidence' supports the denial of parole, and remand for further proceedings and development of the record." Mem. Dispo. at 2.

On remand, the Court appointed petitioner counsel and ordered further briefing on the petition in accordance with the Ninth Circuit's decision. During the course of the briefing, the Supreme Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (U.S. Jan. 24, 2011). The Court directed petitioner to address *Swarthout* in the traverse. Petitioner's traverse, filed March 7, 2011, states that it "appears that Mr. Gutierrez's petition for habeas corpus is now foreclosed by the Supreme Court's decision in *Swarthout*." Traverse at 1:18-19.

**United States District Court**
For the Northern District of California

The Court concludes that in light of *Swarthout*, the petition must be denied. In *Swarthout*, the Supreme Court held that for purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout*, 131 S. Ct. at 862. The procedural protections to which a prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See id*. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id*., and that the Ninth Circuit erred in holding otherwise.

In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, the petition must be denied.

A certificate of appealability will not issue because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: March 8, 2011

SUSAN ILLSTON
United States District Judge